**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ADNEXUS INCORPORATED,<br><br>   *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>   *Defendant*. | Case No. 6:23-cv-00150-JKP<br><br>JURY TRIAL DEMANDED |

**GOOGLE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1
II. BACKGROUND .............................................................................................................2
    A. The '101 Patent Requires Taking One Of Two Alternative Actions Based On The Presence Or Absence Of An "Identifier"........................................................2
    B. The FAC Contains Only Conclusory Statements Regarding Infringement, And Does Not Allege That Google Performs Certain Elements Of The Asserted Patent Claim...............................................................................................5
III. LEGAL STANDARD......................................................................................................6
    A. Dismissal For Failure To State A Claim For Infringement ......................................6
IV. PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR RELIEF ........................7
    A. Plaintiff Does Not Allege That Google Performs Alternative Method Steps Based On A Determination Of Whether An "Identifier" Is Stored On The Recipient's Device .....................................................................................................7
    B. Plaintiff Does Not Allege That Google Generates A User Profile Or Retrieves A User Profile, As Required By Claim Elements [1e] And [1f] ...........10
    C. Plaintiff Does Not Allege That Google Retrieves And Delivers Additional Information Related To The Advertisement To The Recipient, As Required By Elements [1g] And [1h] ......................................................................11
V. PLAINTIFF'S INEFFECTIVE AMENDMENT SHOWS THAT THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ....................................14
VI. CONCLUSION..............................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
 797 F.3d 1020 (Fed. Cir. 2015)..................................................................................................13

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).....................................................................................................................6

*Bot M8 LLC v. Sony Corp. Am.*,
 4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................6, 7

*Deere & Co. v. Bush Hog, LLC*,
 703 F.3d 1349 (Fed. Cir. 2012)..................................................................................................11

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,
 313 F.3d 305 (5th Cir. 2002) .....................................................................................................14

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
 605 F. Supp. 3d. 905 (W.D. Tex. 2022) ......................................................................................4

*Jose v. Northside Indep. Sch. Dist.*,
 2021 WL 1111150 (W.D. Tex. Mar. 23, 2021) .........................................................................14

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) .......................................................................7, 8

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
 751 F.3d 368 (5th Cir. 2014) .....................................................................................................14

*Vervain, LLC v. Micron Tech., Inc.*,
 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ........................................................................7, 9, 13

I.  **INTRODUCTION**

Plaintiff alleges that Google infringes U.S. Patent No. 8,719,101, which describes a method for online advertising. But Google's online advertising methods differ significantly from those claimed by the '101 patent. This is obvious from Plaintiff's First Amended Complaint, which fails even to allege that Google performs multiple of the requirements of the '101 patent. Google requests a hearing on this motion.

Plaintiff's allegations fail to state a plausible claim for at least three independent reasons:

***First***, each of the claims of the '101 patent requires performing one of two alternative steps based on whether an "identifier"—such as a computer cookie—is present on a device. Plaintiff does not allege that Google performs ***any*** functionality based on the presence or absence of an "identifier."

***Second***, the claims of the '101 patent require "generating a user profile…based on the contact information" and "retrieving a user profile" that contains "delivery method preferences." Plaintiff does not allege that Google generates any such user profile. Nor does Plaintiff allege that Google retrieves a user profile that contains delivery method preferences.

***Third***, the claims of the '101 patent require "retrieving" and then "delivering" to the recipient "additional information associated with the advertisement." Plaintiff fails to allege that Google either retrieves or delivers "additional information" to the recipient. Rather, Plaintiff alleges that unidentified third parties, such as the advertiser itself, might deliver such additional information. But Plaintiff may not bring a claim against ***Google*** premised on others' actions.

Google informed Plaintiff of these obvious deficiencies on May 12, 2023. Plaintiff filed a First Amended Complaint on May 26, 2023. Dkt. 20 ("FAC"). But Plaintiff's amendments did not cure these failings, nor could it cure them given the significant differences between Google's

1

advertising techniques and the method claimed by the '101 patent. The Court should dismiss the FAC with prejudice.

## II.     BACKGROUND

### A.     The '101 Patent Requires Taking One Of Two Alternative Actions Based On The Presence Or Absence Of An "Identifier"

The '101 patent describes a method for online advertising that involves gathering a recipient's contact information and using that information to send additional information to the recipient when the recipient interacts with an online advertisement. '101 patent, 1:38–44 (Dkt. 20-1).[1] In particular, the '101 patent describes displaying a banner advertisement on a recipient's computer. The banner advertisement is a typically-rectangular advertisement that is anchored in a particular location on the webpage. *Id.*, 2:57–60, 3:42–48. The recipient of the banner advertisement may then interact with it to request additional information about the advertised content. The recipient may interact with the advertisement by clicking or hovering over an interactive element. *Id.*, 3:60–63, 4:4–7.

When the recipient interacts with the banner advertisement, the '101 patent requires the advertisement to perform one of two different functions, depending on whether an "identifier containing unique identifying information"—such as a computer cookie—is stored on the recipient's computer. *First*, if an "identifier" is ***not*** already stored on the recipient's computer, the banner advertisement displays a text field for the recipient to enter her contact information, such as an email address, which is used to generate a user profile for the recipient. *Id.*, 4:7–12, 5:31–43. A cookie or other "identifier" is then stored on the recipient's computer so that she may be recognized in later interactions. *Id.*, 4:19–24, 5:16–20. *Second*, if an "identifier" ***is*** already stored

---

[1] Citations to the '101 patent are made using column and line numbers. Hence, "'101 patent, 1:14–30" refers to column 1, lines 14–30 in the '101 patent.

2

on the recipient's computer, then her preexisting profile is retrieved and additional information related to the advertisement is delivered to her according to her pre-stored delivery preferences. *Id.*, 4:36–39, 4:57–65, 6:10–12.

Every claim in the '101 patent claims a method in which two distinct actions are taken, depending on the presence or absence of an "identifier" stored on the recipient's computer. Claim 1, which is the sole independent claim, recites:

> [2][1a] A method of online advertising, comprising:
>
> [1b] providing an advertisement associated with a first party for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party;
>
> [1c] receiving an indication that the recipient activated the interactive element displayed within the advertisement;
>
> [1d] ***determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device***;
>
> [1e] ***if the <u>identifier containing unique identifying information</u> about the recipient <u>is not present</u> on the computing device:***
>
>> causing a text field to be displayed in at least a portion of the advertisement;
>>
>> receiving contact information inputted into the text field by the recipient;
>>
>> generating a user profile associated with the recipient based on the contact information; and
>>
>> causing an identifier associated with the user profile to be stored on the computing device of the recipient; and
>
> [1f] ***if the <u>identifier containing unique identifying information</u> about the recipient <u>is present</u> on the computing device:***
>
>> retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information;

---

[2] For convenience, Google adopts the element numbering used in Adnexus's claim chart, FAC Ex. B, Dkt. 20-2.

3

[1g]     retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient;

[1h]     delivering the additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and

[1i]     recording the activation by the recipient of the interactive element as recipient tracking data in an analytics server, the recipient tracking data being associated with the unique identifying information about the recipient.

'101 patent, Claim 1 (emphasis added).

While prosecuting the patent at the U.S. Patent and Trademark Office, the patentee emphasized that determining whether the recipient was recognized (such as by determining whether an "identifier" was stored on the recipient's computer) and then performing alternative steps based on that determination was a key feature of the claimed invention.[3] The patent examiner initially rejected the patentee's patent application, finding that the claimed invention was obvious in light of preexisting methods for online advertising.

In order to overcome the obviousness rejection, the patentee argued that the prior art methods identified by the examiner "fail to disclose 'determining in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device,' and ***subsequently performing alternate method steps based on the determination***, as recited in claim 18."[4] Ex. A at 186 (emphasis added).[5] Based on this argument, the examiner allowed the patent to issue, explaining that "Applicant's remarks/arguments . . . regarding claim rejections over [the asserted prior art methods] are

---

[3] Matters of public record, such as a patent's prosecution history, are properly considered at the pleading stage. *See Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d. 905, 914–15 (W.D. Tex. 2022) (Albright, J.).

[4] "Claim 18" referred to during prosecution issued as claim 1 in the '101 patent. *See* Ex. A at 209.

[5] All exhibits are attached to the Declaration of Zachary M. Briers filed concurrently herewith.

4

persuasive and are incorporated by reference herein as the reasons for allowance of claims 18–21." Ex. A at 205. Therefore, both patentee and the examiner believed that the determination and alternative method steps were key aspects of the patent claims' inventiveness.

> **B.  The FAC Contains Only Conclusory Statements Regarding Infringement, And Does Not Allege That Google Performs Certain Elements Of The Asserted Patent Claim**

Plaintiff alleges that Google directly infringes the '101 patent by "making, using, testing, selling, offering for sale and/or importing . . . Accused Products." FAC ¶ 17. Plaintiff broadly defines "Accused Products" to refer to, "by way of example and without limitation, Google's Google Ads." FAC ¶ 15. In the body of the Complaint, Plaintiff provides absolutely no specificity as to which of Google's hundreds of products or services it contends infringe, or why those products or services allegedly practice the claims of the '101 patent. Instead, Plaintiff attaches a chart as Exhibit B to the FAC, which it alleges "provides details regarding only one example of Defendant's infringement" of Claim 1 of the '101 patent. FAC ¶ 22.

In the chart, Plaintiff breaks Claim 1 of the '101 patent into nine different requirements, which it labels as elements [1a] through [1i]. For each element, Plaintiff includes only conclusory statements about how the element is allegedly practiced by Google, accompanied by miscellaneous screenshots taken from Google webpages, which do not support a plausible claim for infringement. *See* FAC Ex. B.

For example, claim element [1e] requires that, "*if the identifier . . . is not present on the computing device*," then the advertisement must prompt the recipient to generate a user profile by "causing a text field to be displayed in at least a portion of the advertisement; receiving contact information inputted into the text field by the recipient; [and] generating a user profile associated with the recipient based on the contact information." But Plaintiff's chart does not allege that Google engages in ***any*** actions that are premised on the absence of an identifier, as required by

5

element [1e]. Instead, the chart alleges that "Google can use cookies to uniquely identify the user's browser and associate it with their account, storing the identifying cookies on the recipient's device." FAC Ex. B at 4.

As another example, claim element [1g] and [1h] require "retrieving additional information associated with the advertisement," and "delivering the additional information to the recipient based on the delivery method preferences." Plaintiff's chart does not allege that Google retrieves any additional information associated with the advertisement, nor does it allege that Google delivers such information to the recipient. Instead, the chart alleges simply that "***the advertisers*** can re-engage with the potential customers later using follow-up calls to deliver additional information." FAC Ex. B at 7. In other words, Plaintiff's chart concedes that any "additional information" is retrieved and delivered by "the advertisers"—***not*** Google. *Id.*

## III.  LEGAL STANDARD

### A.  Dismissal For Failure To State A Claim For Infringement

To survive a motion to dismiss, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quotation marks omitted).

A claim for patent infringement must be supported by factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. *Bot M8 LLC v. Sony Corp. Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). The level of factual detail required in the pleadings "will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1352–53. "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets ***each limitation*** of

the asserted claim or claims." *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, 2023 WL 2290291, at *3 (W.D. Tex. Feb. 27, 2023) (Pitman, J.). "[A] direct infringement claim is ***not*** sufficiently pleaded so long as plaintiff provides a claim chart or element-by-element mapping." *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *7 (W.D. Tex. Jan. 3, 2022) (Albright, J.). The Court must still satisfy itself that the quality of plaintiff's allegations give rise to a plausibility that it is entitled to relief. *See id.* Allegations that are contradictory or inconsistent with the claim requirements are insufficient to state a plausible claim for relief. *Bot M8*, 4 F.4th at 1354.

## IV. PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR RELIEF

The FAC must be dismissed because Plaintiff fails to allege facts that make it plausible that Google directly infringes the '101 patent. *First*, Plaintiff fails to plausibly allege that Google practices the elements for determining whether an "identifier" is stored on the recipient's device and then performing alternative method steps based on that determination—elements that are material to practicing the asserted claims. *Second*, Plaintiff fails to allege that Google "generates a user profile" or "retrieves a user profile" that contains "delivery method preferences," as required by each claim of the '101 patent. *Third*, Plaintiff wholly fails to allege that Google retrieves or delivers additional information to a recipient.

### A. Plaintiff Does Not Allege That Google Performs Alternative Method Steps Based On A Determination Of Whether An "Identifier" Is Stored On The Recipient's Device

Claim 1 of the '101 patent expressly requires determining whether the recipient of an advertisement has an "identifier" stored on their device, and then performing alternative method steps based on that determination. Plaintiff's factual allegations are insufficient to create a plausible inference that Google practices these elements of Claim 1.

Element [1d] recites "determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing

7

device"—where "the indication" is an indication that the recipient activated an interactive element displayed with an advertisement. '101 patent, 9:10–11. "[I]f the identifier . . . is not present" then the steps recited in element [1e] must be performed. '101 patent, 9:17–28. On the other hand, "if the identifier . . . is present" then the steps recited in elements [1f] through [1i] must be performed. '101 patent, 9:29–47.

Plaintiff does not allege that Google performs any action based on the presence or absence of an identifier, as required by Claim 1 of the '101 patent. For element [1e], Plaintiff alleges that "Google Ads can provide ads that open lead forms which display text fields, where the target users can choose to submit their information." FAC Ex. B at 4. Plaintiff does not allege that "lead forms" are provided *if the identifier is not present*, as required by element [1e], nor do any of Plaintiff's allegations support an inference that lead forms are presented if the identifier is not present. Plaintiff has not even attempted to allege that Google "caus[es] a text field to be displayed" or "generat[es] a user profile associated with the recipient" only when "the identifier is not present," as is required by element [1e].

Plaintiff's allegations regarding element [1f] are similarly deficient. Plaintiff alleges that "Google Ads can pre-fill lead forms based on information in a target user's Google account, which can be retrieved using the cookies on their device identifying the user." FAC Ex. B at 4. But this allegation does not support any inference, let alone a reasonable one, that this functionality is conditioned on the presence of an identifier. In other words, Plaintiff does not allege that Google engages in *any* conduct that is conditioned on the presence of an "identifier" as required by element [1f]. Because Plaintiff must plausibly allege that the accused product practices *each element* of the asserted patent claim, *LS Cloud Storage*, 2023 WL 2290291, at *3, Plaintiff's failures to allege

8

that Google practices claim elements [1e] and [1f] each serve as an independent reason that the FAC must be dismissed.

Moreover, because elements [1e] and [1f] are unquestionably material to practicing the invention, Plaintiff must plead their infringement with specificity, which it has not done. *See Vervain*, 2022 WL 23469, at *9. The *Vervain* case is illustrative. In that case, Vervain alleged that Micron infringed claims requiring that a data storage system "perform[] a data integrity test" and "failure of the data integrity test . . . results in a remapping." *Id.* at *8. The court, taking notice of the prosecution history of the asserted patent, noted that these elements were critical to the issuance of the patent claims, and therefore required Vervain to plead them with "more specificity than it mustered." *Id.* at *9. Even though the court determined that Vervain sufficiently plead that the accused system performed a data integrity test and remapping, "the Complaint does not plead a logical connection between the alleged mapping and a failure of the alleged 'data integrity test,' let alone that the former is the result of the latter, as required by the claims." *Id*. Accordingly, Vervain's allegations did not rise "above the speculative level." *Id.*

In this case, Plaintiff's allegations fail for the same reason—Plaintiff fails to allege any causal connection between the presence of an identifier, determined in element [1d], and the functionality performed in elements [1e] and [1f]. Just as in *Vervain*, these elements were critical to the issuance of the '101 patent. Indeed, as in *Vervain*, the patentee here argued that these elements distinguished the claims from the asserted prior art, and the patent examiner found those arguments persuasive, thereafter allowing the patent to issue. Ex. A at 185, 205. Plaintiff has failed to support a claim for relief under any pleading standard, but certainly under the greater specificity that is required for claim elements that are material to the inventiveness of the patent.

9

### B. Plaintiff Does Not Allege That Google Generates A User Profile Or Retrieves A User Profile, As Required By Claim Elements [1e] And [1f]

In addition to not alleging that Google engages in any activity conditioned on the presence or absence of an "identifier," Plaintiff's allegations are deficient for the additional reason that they fail to raise a plausible claim that Google practices the functionality required by either of the alternative method steps [1e] and [1f].

Plaintiff fails to allege that Google "generat[es] a user profile associated with the recipient based on the contact information" as required by element [1e]. To practice element [1e], Google must, *inter alia*, (1) "caus[e] a text field to be displayed," (2) "receiv[e] contact information inputted into the text field by the recipient," and (3) "generat[e] a user profile . . . based on that contact information." '101 patent, 9:16–25. Plaintiff alleges that Google may present a "lead form" that contains a text field, into which a user may submit information. FAC Ex. B at 4. But Plaintiff's allegations wholly ignore the requirement that "a user profile" must be generated based on the inputted contact information. Plaintiff does not allege anywhere that Google generates a user profile based on the input contact information. Therefore, Plaintiff fails to allege that Google plausibly practices element [1e].

Plaintiff also fails to allege that Google "retriev[es] a user profile . . . wherein the user profile comprises at least delivery method preferences," as required by element [1f]. Plaintiff alleges that Google Ads can "pre-fill lead forms based on information" in a user's Google account, including "Ads personalization data and *contact information*." FAC Ex. B at 4. As the '101 patent makes clear, however, contact information is not the same as the "delivery method preferences" required by element [1f]. The specification explains that "delivery method preferences" mean a preferred way that information is delivered to the recipient, such as by text message, browser, email, or instant message. '101 patent, 4:44–48, 4:59–62. These preferences are distinct from

simple "contact information," such as an email address. *See id.*, 3:64–4:3, 4:11–12. Indeed, claim 1 itself uses "contact information" in other elements, such as element [1e], and therefore the two terms cannot have the same meaning. *See Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1354 (Fed. Cir. 2012) (where a claim recited both "secured to" and "into engagement with," "[t]o give effect to all terms of the claim, 'secured to' and 'into engagement with' must have distinct meanings.").

Plaintiff's allegations conflate "contact information" with "delivery method preferences," and it provides no allegations that Google retrieves a user profile containing "delivery method preferences." Plaintiff's additional allegations—that "user data can contain user preferences about ad delivery, where the user can choose whether they allow personalized ads to be delivered and what types if so," FAC Ex. B at 4—also miss the mark. Plaintiff's allegations go to user preferences regarding the *types* of advertisements they receive—personalized or not—but still fail to allege that the retrieved user profile contains user preferences as to *how* information about an advertisement is *delivered*—e.g, by text message, browser, or email. Therefore, for this additional reason, Plaintiff fails to allege that Google plausibly practices element [1f].

### C. Plaintiff Does Not Allege That Google Retrieves And Delivers Additional Information Related To The Advertisement To The Recipient, As Required By Elements [1g] And [1h]

Claim 1 requires retrieving and delivering to the recipient additional information related to the advertisement. In particular, element [1g] requires "retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient." '101 patent, 9:36–38. And element [1h] requires "delivering the additional information to the recipient based on the delivery method preferences." *Id.*, 9:39–42. But Plaintiff's allegations fail to create a plausible inference that Google practices either of these elements.

11

Plaintiff fails to allege that Google retrieves "additional information *associated with the advertisement*." Instead, Plaintiff alleges that "Google Ads can pre-fill forms based on information in a target user's Google account. This information can consist of Ads Personalization data and location information. Google can also use IP information, contextual information, and activity information to tailor ads to the target user." FAC Ex. B at 6. Each type of information Plaintiff mentions—account information, Ads Personalization data, location information, IP information, contextual information, and activity information—is information related to the *user* not the *advertisement*. Moreover, to the extent Plaintiff alleges that information related to the user can be used to target advertisements shown to her, its allegations are all focused on targeting an *initial* advertisement—*i.e.*, the advertisement recited in element [1b]. Plaintiff pleads no facts that create a plausible inference that Google retrieves *additional* information associated with advertisement based on a recipient's profile, as is expressly required by element [1g]. Indeed, it fails to allege that Google retrieves any "additional" information whatsoever.

Retrieving "additional information" is an element Plaintiff needed to plead with particularity. As the specification explains, the purpose of the claimed invention is to deliver to recipients additional information regarding advertisements.[6] Without alleging that Google retrieves additional information, Plaintiff's pleadings boil down to allegations that Google uses cookies to target advertisements. But—as the prosecution history shows—such activity was well

---

[6] *See, e.g.*, '101 patent, 1:38–44 ("What is needed is a system and method of . . . sending targeted advertisements via this delivery method in response to the recipient's subsequent requests for information made through simple interactions with a banner advertisement."), 2:57–60 ("The banner server 108 then sends a banner advertisement that allows the recipient to request additional information about the product or service being displayed on the banner."), 3:48–52 ("In an exemplary embodiment, the banner advertisements 154 and 166 allow the visitor or other recipient to request additional information be delivered to the recipient to request additional information to be delivered to the recipient . . . .").

known before the '101 patent was filed. Ex. A at 171 ("using of cookies to identify recipients which is stored on recipients computing device is an old and known technology used by businesses in advertising industry [sic]"). Such allegations are insufficient to state a claim for relief. "A plaintiff cannot establish why it is plausible that the accused product infringes the patent claim by merely articulating why it is plausible that the accused product practices the prior art." *Vervain*, 2022 WL 23469, at *5 (citation and quotation marks omitted). Therefore, Plaintiff has failed to plead facts that establish that it is plausible that Google practices element [1g].

Plaintiff also fails to allege that Google delivers any additional information to the recipient, as required by element [1h]. As a preliminary matter, because Plaintiff has failed to allege that Google retrieves any "additional information," it follows that Google cannot "deliver" such information. Plaintiff does not add any allegations that might somehow cure its earlier deficiencies. Indeed, its allegations confirm that Google does not deliver any additional information. Plaintiff alleges only that advertisers—not Google—may deliver additional information to the recipient. *See* FAC Ex. B. at 7 ("**The advertisers** can re-engage with the potential customers later using follow-up calls to deliver additional information.") (emphasis added).

A method claim is infringed only when "all steps of a claimed method are performed or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Plaintiff does not allege that Google performs element [1h]. It relies instead on voluntary activity taken by unidentified third-party advertisers, and it has not alleged that these third-party actions can be attributed to Google. Therefore, Plaintiff has failed to allege that Google practices element [1h].

13

## V. PLAINTIFF'S INEFFECTIVE AMENDMENT SHOWS THAT THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

On May 12, 2023, Google sent Plaintiff a letter via email identifying numerous deficiencies in the Complaint, and urging Plaintiff to dismiss its case. The letter identified each of the deficiencies featured in this motion. *See* Ex. B. On May 26, 2023, Plaintiff filed the FAC, which includes only minor revisions to the original Complaint. The complaint itself is identical between the original Complaint and FAC. *Compare* Dkt. 1 *with* Dkt. 20. Only Exhibit B, the claim chart, has been revised, and even there, the revisions are limited to removing some boilerplate language and adding only a handful of allegations sprinkled throughout the chart. *Compare* Dkt. 1-3 *with* Dkt. 20-2.[7] As explained above, Plaintiff's minimal revisions do not cure the Complaint's deficiencies. Indeed for some of the deficiencies Google identified, Plaintiff did not even attempt to remedy its failures. *See* FAC Ex. B at 6-7 (providing no amendments for limitation [1g]). Just like the original Complaint, the FAC still fails to plausibly allege that Google infringes the '101 patent.

Plaintiff's ineffective amendments demonstrate that it is unable to state a claim for relief and that dismissal should be with prejudice. A complaint is properly dismissed with prejudice when amendment would be futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Here, Plaintiff has demonstrated that further amendment would be futile. Google identified for Plaintiff the deficiencies in its allegations, and this Court's Standing Order makes clear that failure to cure these deficiencies would lead to dismissal with prejudice. Yet Plaintiff's amendments still fail to plausibly allege infringement. Plaintiff, therefore, has shown that it is "unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Jose v.*

---

[7] Language added to FAC Exhibit B has been highlighted in Ex. C to this Motion.

14

*Northside Indep. Sch. Dist.*, 2021 WL 1111150, at *7 (W.D. Tex. Mar. 23, 2021) (Pulliam, J.).

Therefore, the FAC should be dismissed with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the First Amended Complaint with prejudice.

| | |
|---|---|
| DATED: June 30, 2023 | Respectfully submitted, |

/s/ *Zachary M. Briers*
Erica Benites Giese (TX Bar No. 24036212)
egiese@jw.com
Amanda N. Crouch (TX Bar No. 24077401)
acrouch@jw.com
JACKSON WALKER L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (210) 978-7900
Fax: (210) 242-4646

Nathaniel St. Clair, II (TX Bar No. 24071564)
nstclair@jw.com
JACKSON WALKER L.L.P.
2323 Ross Ave, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5948
Fax: (214) 661-6848

Zachary M. Briers
zachary.briers@mto.com
Peter E. Gratzinger (*pro hac vice*)
peter.gratzinger@mto.com
Vincent Y. Ling (*pro hac vice*)
vincent.ling@mto.com
Robin Gray Schweitzer
robin.schweitzer@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Fax: (213) 687-3702

***Attorneys for Defendant Google LLC***

## CERTIFICATE OF CONFERENCE

I hereby certify that Google complied with the conference and notice requirement set out in this Court's Standing Order in Civil Cases. On May 12, 2023, counsel for Google sent written notice to counsel for Adnexus informing it that its infringement allegations were deficient and that Google would move to dismiss the Complaint. Google offered to confer further, if Adnexus desired. On May 26, 2023, Adnexus filed a First Amended Complaint. The FAC remains deficient for the same reasons identified in Google's May 12, 2023 notice.

*/s/ Zachary M. Briers*
Zachary M. Briers

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Amanda N. Crouch*
Amanda N. Crouch